UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PROBUILD SOUTH LCC, | § |
| | § |
| Plaintiff, | § |
| v. | § |
| | § CIVIL ACTION NO. H-09-1845 |
| BRITT RICE, | § |
| | § |
| | § |
| | § |
| Defendant. | § |

## MEMORANDUM AND ORDER

Before the Court is Defendant Britt Rice's Motion to Dismiss (Doc. No. 10). Considering the parties' filings and the applicable law, the Court finds that the Motion should be denied.

### I. BACKGROUND

Defendant is currently the landlord and Plaintiff ProBuild South LLC is currently the tenant under a Lease Agreement ("Lease") originally entered into by the parties' respective predecessors. (Pl. Compl. ¶ 7.) Under the Lease, Plaintiff leases from Defendant certain land (the "Premises") in College Station, Brazos County, Texas for five years, with an option to renew for three additional five-year terms. (*Id.* at ¶¶ 8-9.) Plaintiff uses the Premises as a lumber yard to carry out its business of buying and selling lumber and other building supplies. (*Id.* at ¶ 10.) After Defendant purchased the Premises from Plaintiff's previous landlord, Defendant notified Plaintiff of his belief that Plaintiff was in default of the Lease for failing to comply with the maintenance and repair obligations specified within it. (*Id.* at ¶ 14.) Plaintiff and Defendant subsequently performed an inspection of the Premises in order to ascertain the extent of needed repairs.

1

(*Id.* at ¶ 15.) On the basis of the inspection and the terms of the Lease, Defendant believes that Plaintiff is obligated under the Lease to make $178,985.94 worth of repairs to the Premises buildings and $397,500.00 in repairs to the concrete pavement. (*Id.* at ¶ 16.) Plaintiff believes the Lease requires it to make only $125,000.00 in repairs. (*Id.* at ¶ 17.) Plaintiff also alleges that Defendant is currently occupying 1/3 of the Premises as it is defined in the Lease. (*Id.* at ¶ 20.) Finally, the parties have expressed disagreement as to Plaintiff's tax obligations with respect to renovations made to buildings on the Premises. (*Id.* at ¶ 24.)

Plaintiff has filed this action for declaratory judgment under 28 U.S.C. § 2201, the Declaratory Judgment Act. Plaintiff seeks determinations as to the repairs that Plaintiff is responsible for making under the Lease, the boundaries of the land that Plaintiff is entitled to possess under the Lease, and as to the Lease provisions which govern Plaintiff's tax obligations. Defendant now moves to dismiss Plaintiff's action.

## II. DISCRETION UNDER THE DECLARATORY JUDGMENT ACT

Defendant argues that Plaintiff's cause of action should be dismissed pursuant to a district court's discretion in deciding whether to entertain an action seeking declaratory judgment. While broad, this discretion is not unfettered. *Travelers Ins. Co. v. Louisiana Farm Burau Fed'n*, 966 F.2d 774, 778 (5th Cir. 1993). Both parties correctly point to the Fifth Circuit's test for determining whether a district court should hear an action brought under the Declaratory Judgment Act. As articulated in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994), the factors that the district court must consider in making this determination include:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in

anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

As with similar tests applied in other circuits, the *Trejo* factors attempt to address three issues: the proper allocation of decision-making between state and federal courts, fairness and improper forum shopping, and efficiency and avoidance of duplicative litigation. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003). The lack of a pending parallel state proceeding does not "automatically require a district court to decide a declaratory judgment action," although it weighs strongly against dismissal. *Id.* at 394. With these factors in mind, the Court applies *Trejo* to the circumstances of this case.

First, there is no pending suit in state court involving the parties now before the Court. Thus, *Trejo* factors one and seven weigh in favor of retention of this case. As to the second factor, the Fifth Circuit has held that "[o]ne of the main purposes of the Federal Declaratory Judgment Act was to provide a means to grant litigants judicial relief from legal uncertainty in situations that had not developed sufficiently to authorize traditional coercive relief. Litigants would no longer be put to the Hobson's choice of foregoing their rights or acting at their peril." *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988). Thus, were it true that Plaintiff filed this action in anticipation of a lawsuit being brought by Defendant, this would not necessarily mandate dismissal. Regardless, this Court finds no evidence that this was in fact Plaintiff's motivation. In its complaint, Plaintiff explicitly states that it seeks declaratory relief

because Defendant has expressed his immediate intent to terminate the Lease. (Pl. Compl. ¶ 26.) Defendant has offered no evidence to contradict this proffered reason. In fact, nowhere does he explicitly allege that he did in fact intend to file suit against Plaintiff in another forum, or that Plaintiff was aware of any such intention. Therefore, *Trejo* factor two also weighs against dismissal.

This Court further finds that Plaintiff did not engage in forum-shopping in bringing this suit. As with *Sherwin-Williams*, Plaintiff has brought suit in a Texas court against a Texas defendant; Texas law applies whether this action was brought in state or federal court. *See Sherwin-Williams*, 343 F.3d at 399 (recognizing that Plaintiffs did not engage in forum shopping when they brought the suit in Mississippi court against Mississippi defendants). Therefore, there is no evidence that the Plaintiff brought this declaratory judgment action in search of more favorable law.

Similarly, the Court finds no evidence of possible inequities that will result from allowing this suit to go forward. Aside from alleging that Plaintiff brought this action "merely to be in the position of plaintiff in an anticipated action between the parties," Defendant fails to explain what inequities, if any, will result from allowing this case to proceed. (Def. Memorandum, Doc. No. 5, ¶ 3.)

Furthermore, this Court is not an inconvenient forum for the relevant parties. It is geographically proximate to the Premises in question and, as Plaintiff points out, counsel for both parties maintain offices in Houston. (Pl. Resp. at 5.) Finally, as to judicial economy, Plaintiff correctly points out that, were the parties to wait until Defendant filed suit regarding this matter in Brazos County, Plaintiff would remove it to federal jurisdiction on grounds of diversity of citizenship. 28 U.S.C. § 1441(b). By allowing a

suit that originated in this Court to remain here, the principles of judicial economy are therefore served. Thus, this Court finds that the *Trejo* factors weigh in favor of allowing this suit, and against dismissal.

### III. ACTUAL CASE OR CONTROVERSY

Defendant also argues that Plaintiff's complaint should be dismissed because it fails to raise a case or controversy as required under the Declaratory Judgment Act, 28 U.S.C.A. § 2201(a). A justiciable case or controversy exists as long as the court's ruling will affect "tangible legal rights." *In re Asbestos Litigation*, 90 F.3d 963, 991 (5th Cir. 1996) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 619 (1989)). In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941), the Supreme Court stated that the question of whether a cause of action seeking declaratory relief presents an actual controversy is determined by "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." In other words, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. *Bauer v. Texas*, 341 F.3d 352, 358 (2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983); *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)).

Here, the future injury that Plaintiff faces is termination of the Lease to which Plaintiff and Defendants are parties. Plaintiff alleges in its Complaint that the parties disagree as to material terms of the Lease, a significant part of which concerns Plaintiff's obligations to repair the Premises. As a result, substantial sums of money remain in dispute. Plaintiff also alleges that, pursuant to these disagreements, "Defendant has given

5

[Plaintiff] notice of its immediate intent to terminate the Lease. . . ." (Pl. Compl. ¶ 26.) This Court finds that these facts do create an actual controversy such that Plaintiff is eligible for declaratory judgment relief. This dispute involves the parties' rights and obligations vis-à-vis a legal document, involving significant sums of money. In addition, Defendant has threatened future action affecting the parties' legal rights.

Defendant does not dispute that the threat was made, nor does he explain why this is not an actual controversy, beyond mere conclusory statements. That this case involves a "simple landlord–tenant disagreement" does not disqualify it from the remedies provided by the Declaratory Judgment Act. *See Scott-Burr Stores Corp. v. Wilcox*, 194 F.2d 989 (5th Cir. 1952) (affirming that notice by defendant of renewal of its lease of a building from plaintiff was not given at least 12 months before expiration of the term as required by lease). Thus, Plaintiff alleges facts sufficient to make out a controversy that is eligible for declaratory relief.

## IV.   CONCLUSION

Because dismissal is unwarranted under *Trejo* and 28 U.S.C.A. § 2201(a), Defendant's Motion to Dismiss (Doc. No. 10) must be **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this  17th day of September, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE